GONZÁLEZ, PLAINTIFF AND APPELLEE, *v.* VILELLA ET AL., DEFENDANTS AND APPELLANTS.

## APPEAL from the District Court of Mayagüez in an Action for Annulment and Injunction.

No. 1425.—Decided July 5, 1916.

DEMURRER—MISJOINDER OF CAUSES—PRAYER—ALLEGATIONS.—When two remedies are prayed for in the complaint, the second in case the first is not granted, and the allegations of the complaint refer to one only, a demurrer on the ground of misjoinder of causes of action will not be sustained.

CONTRACT—CONSIDERATION—FRAUD—CAUSE OF ACTION.—A complaint alleging that the consideration of a contract was fictitious and simulated in order to defraud the plaintiff sets up a cause of action for its rescission.

TRANSFER OF PROPERTY—FRAUD—THIRD PERSON.—The allegation that one of the defendants is attempting to secure possession of the only property owned by the other defendant and transfer it to an innocent third person is sufficient to show that the property is not subject to the claim of the plaintiff.

PROMISSORY NOTE—EVIDENCE.—After examining the evidence in this case it was held that the lower court did not err in holding that the promissory note under consideration was simulated and fraudulent for lack of consideration.

APPEAL—JUDGMENT—GROUNDS OF JUDGMENT—ERROR.—An appeal is not taken from the grounds of the judgment, but from the judgment itself; and when the judgment is supported by the facts and the law, an error which the trial judge may have committed by citing statutes not applicable to the case is unimportant.

The facts are stated in the opinion.

*Mr. Angel A. Vázquez* for the appellants.

*Mr. Leopoldo Feliu* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Ignacio González filed a complaint in the District Court of Mayagüez against José I. Rivera, Modesta Rivera and Luis Vilella alleging that, being the holder of three matured promissory notes amounting to $351.67 made by José I. Rivera and Modesta Rivera, he brought suit against them in the Municipal Court of Mayagüez on December 31, 1914, for the recovery of the said amount, and on or about January 15, 1915, secured an attachment upon certain community property belonging to them valued at $3,090.82, but the attachment was not recorded at once in the registry of property; that the defendants appeared in the said action and filed a motion concerning the summons and the said action is still pending; that the said two defendants, who are husband and wife, conspired with the other defendant, Luis Vilella, to prevent the recovery of the amount due him and for this purpose, about January 2, 1915, made a certain alleged promissory note apparently signed on January 31, 1914, by the said spouses in favor of Vilella, to become due on December 31 of the same year, for the fictitious sum of $2,150, with interest at 1 per cent monthly until paid; that in order to carry out the conspiracy they caused an action to be brought against them by Vilella in the District Court of Mayagüez on January 13, 1915, and on the following day Vilella attached the same property which had been attached already by the plaintiff; that the debtor spouses made no defense to the action brought by Vilella and allowed judgment by default to be entered against them, Vilella being an intimate friend of the said spouses, and that in order to execute the judgment the said community property had been advertised for sale at public auction and Vilella intended to acquire the same in order to transfer it later to an innocent third person and in that way place it beyond the reach of the plaintiff.

On these facts and others which need not be stated at this time, the plaintiff prayed for a temporary injunction

and for final judgment holding the note given by the defendant spouses to Vilella to be simulated, false and fraudulent, dismissing the action brought for its collection, vacating the attachment levied therein and canceling the record of said attachment in the registry of property, leaving the said community property free of all lien or encumbrance arising from the said action; or, in lieu of the foregoing, that the court hold that the claim of the plaintiff as set up in the complaint and the attachment levied on the said property in the suit brought by him in the Municipal Court of Mayagüez for the recovery thereof have priority or preference as to payment and record in the registry over the claim and attachment of Luis Vilella, and that, therefore, the attachment of the plaintiff may be recorded in the registry as a prior lien to that of Luis Vilella.

Luis Vilella demurred to the complaint on the ground of misjoinder of causes of action for nullity of contract and priority of lien, and also that the complaint did not state facts sufficient to constitute a cause of action. At the same time he answered the complaint and set up new matter of defense.

The case went to trial and the District Court of Mayagüez adjudged null and void the note made by the defendant spouses payable to Vilella, the action brought thereon, the judgment rendered therein, the attachment and writ of execution issued and the records thereof in the registry of property. It ordered that the said records should be canceled, held that the said properties were subject to the payment of the plaintiff's claim and enjoined the defendants from doing anything to recover on the said note.

In his assignment of errors on appeal from the said judgment Luis Vilella contends that the court should have sustained his demurrer to the complaint and that it erred in holding that the note was void, fraudulent and simulated, and in applying subdivision 5 of section 1258 and sections 1261 and 1264 of the Civil Code to this case.

Let us consider his contention regarding the misjoinder of causes of action.

Although two remedies are prayed for in the complaint, the second in case the first should not be granted, we cannot hold that two causes of action are joined because all of the allegations of the complaint refer only to the action for the nullity of the note made in favor of Vilella and the action brought thereon, there being no allegation in support of the action for priority of claims; therefore the prayer of the complaint is demurred to and not the facts alleged therein. The demurrer must be directed to the facts adduced from the allegations, for as a rule the prayer is not of great importance.

The error claimed to have been committed by the lower court in not sustaining the demurrer on the ground that the facts alleged in the complaint are insufficient to support an action for nullity is based, first, upon the fact that a conspiracy on the part of the defendants having been charged, it is not alleged that defendant Vilella knew that the plaintiff's action was pending in the municipal court, or that he was aware that José I. Rivera and his wife were debtors of González, which allegations he considers necessary to charge all of the defendants with conspiracy to defraud the plaintiff.

While it is true that there is no express allegation that Vilella knew that the plaintiff in this case was prosecuting an action of debt against the said spouses, still, as it was alleged that the consideration of the contract between the defendants was fictitious and simulated in order to defraud the plaintiff, the complaint sets up a cause of action, because what is simulated is false. *Rivera* v. *Rivera et al., ante* p. 159.

It is maintained also that inasmuch as Vilella's claim is for $2,150 and the property attached is worth $3,090.82, there would remain a balance from which González could recover the sum of $351.67 claimed by him, and that as the attached

property more than covers the claims of both attaching creditors, the complaint shows on its face that the interests of plaintiff González are not impaired and, therefore, that he has no cause of action since he fails to allege that the said property is insufficient to satisfy the said claims because of depreciation or otherwise. Since the complaint alleges that Vilella intends to acquire the property in order to transfer the same to an innocent third person and so place it beyond the reach of the plaintiff, we consider this sufficient to show that the plaintiff would be unable to recover his claim therefrom.

It is contended likewise that the allegation of fraud is based upon deductions and suppositions and that in accordance with the case of *Martínez v. Jiménez,* 21 P. R. R. 196, in order that a complaint alleging fraud may be sufficient, the facts alleged therein must be of such a character as to support a judgment against the defendants.

The case cited by the appellant is not applicable to the present. In that case it was said:

"The only allegation of fraud in connection with the simulation of Jiménez's debt to Torres is so worded that it appears to be more of a supposition of the plaintiff than an allegation of fraud, as he deduces therefrom that it does not appear rational or logical that a loan should be made without interest or security."

The present case is different in that it does not rest on supposition, as did the other, but alleges that the defendants conspired to defraud the plaintiff and signed a simulated note based on a fictitious consideration.

Was the lower court in error in finding that the note in question was simulated and fraudulent for lack of consideration?

The appellant maintains that in finding that the note in favor of Vilella was fraudulent and simulated the trial judge was actuated by prejudice and partiality in weighing the evidence, but we have been unable to discover anything in the

evidence to support that charge and no attempt is made to sustain it in the brief, since the appellant, after his unsupported assertion, confines himself to a discussion of whether the evidence is or is not sufficient to support the conclusion of the court, and for that reason we shall limit our opinion to a consideration of that point.

The evidence introduced at the trial was documentary and oral.

The documentary evidence shows that the attachment of plaintiff González in his action against the spouses Rivera to recover the value of three notes was levied and served on January 2, 1915; that on January 12 the defendant spouses moved to quash the summons; that on January 15 writs were issued to the registrar of property for recording the attachment of González, and two days before, or on January 13, Vilella filed his suit for the recovery of $2,150 on the note and on that same day sued out an attachment on properties of the defendants, they being the same properties which had been attached by González; and default judgment having been entered against the defendants on January 25, the sale of the said property was advertised to take place on March 26 following.

The oral evidence consisted of the testimony of defendants Luis Vilella, José Ignacio Rivera and Modesta Rivera, and of plaintiff Ignacio González.

Taken as a whole, the testimony of the defendants is to the effect that for some years they had had accounts current and that the note for $2,150 represents the balance of such accounts; that neither Vilella nor the spouses kept an account of the various items covered by the note, although Vilella is a wealthy man and keeps accounts of the transactions connected with his estates, but not of the loans which he makes. Vilella testified that he did not declare as such his claim against the spouses in his income-tax schedule, although he knew that he was required to include his income and the interest accruing thereon, nor in the schedule for

direct taxes because he deemed the amount small in comparison with what he had in other years; that he is a friend of the said spouses and was not accustomed to specify the rate of interest in notes, but did so in the case of the Rivera people because it is usual, and that while he has had lawsuits he has never had to bring an action of debt because he has always been able to compromise.    The examination of this witness was lengthy.

Plaintiff Ignacio González testified that in the month of November, 1914, he went to Rivera's house to remind him that his notes would mature in December so that he might pay the same in cash or its equivalent in coffee as he could wait no longer, and that defendant Rivera then told him that he had no money to pay him and asked him to renew the notes for another year as he was not indebted to any one else, and when witness told him he could not renew them he repeated that he owed nobody else and had property to guarantee the debt; that after witness had handed the papers to his attorney the defendant came to his house in a belligerant mood and witness reminded him that he had warned him that he would bring suit unless the debt were paid, and on the following day the defendant again came to his place of business and besought him as a favor to wait, now that he had attached his property, and not to put him to further expense as he expected to get the money; that witness spoke to the person from whom Rivera said he was going to obtain the money and as said person told him that he would not furnish it to him, he called again on Rivera and told him that he was deceiving him, whereupon Rivera told him not to worry as he had spoken to a lady and would pay him the following Saturday; that, believing this, the plaintiff instructed his attorney to wait and not to incur further expense, but four or five days later he learned in the registry that Vilella had attached the properties and at that moment was having the attachment recorded in the registry, and upon meeting the defendant in the public

square he said to witness, "Namesake, why do you look at me so distrustfully?" to which witness replied that it was because he was not a man of his word, for he had asked witness to wait and in the meantime had connived with Vilella and another to attach his properties and leave witness in the lurch, and Rivera replied, "I must secure the bread of my children and if you attack me I must defend myself"; that the defendant was constantly in his store until his property had been attached by Vilella, but after that he did not come to the store and went about the streets laughing.

Such is a summary of the evidence on which the trial judge found that the note was simulated and false and made to defraud the plaintiff of his rights in the action which he brought against the spouses Rivera, and in its opinion the lower court states that it reached its conclusion after considering the testimony of the defendants themselves who when called as witnesses for the plaintiff endeavored to explain their transactions which are attacked in this action, but their explanations were so vague, evasive and improbable that, taking their testimony in connection with the other facts and circumstances shown by the plaintiff's documentary evidence, no doubt remained in the mind of the court that, manifestly, there was a conspiracy on the part of the defendants for the purposes set forth in its conclusions of fact.

In view of the evidence introduced at the trial, we do not think that the court erred in reaching the conclusion that a promissory note had been simulated for the purpose of defrauding the plaintiff. The documentary evidence in this case was not of itself sufficient to justify that conclusion, but the haste with which Vilella levied his attachment and the failure of the other defendants to defend themselves against his action, whereas they obstructed the suit of González by interlocutory pleas, are very notable circumstances

to be deduced therefrom; and when to this circumstantial evidence are added the results of the testimony of the witnesses, principally that of Vilella and González, and of the statements said to have been made by José I. Rivera to the latter, which were not contradicted, as well as the improbability that men who carry accounts of large sums among themselves would leave them entirely to memory, and also the fact that Vilella made no declaration of his claim against the spouses Rivera in his tax schedules, we are justified in concluding that there is sufficient and strong evidence to show that the defendants simulated a promissory note for the purpose of preventing the plaintiff from recovering the debt owing to him, especially in view of the the fact that Vilella's claim covered nearly the value of the only properties of his alleged debtors, and this evidence complies with the requirements necessary to prove fraud.

As to the other error assigned, the citation by the lower court of the sections of the Civil Code hereinbefore mentioned, while said sections have no relation to an action of nullity such as this, but only to rescissory actions, still, as an appeal is not taken from the grounds of the judgment but from the judgment itself, and as the judgment of nullity should be sustained for the reasons we have stated, it is immaterial that the judge improperly cited other statutes so long as the judgment is actually sustained by the facts and by the law.

For the foregoing reasons the judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Hutchison took no part in the consideration of this case.